Matthew F. Archbold (CA SBN 210369)
*PRO HAC VICE*
DEASON & ARCHBOLD
3300 Irvine Avenue, Suite 245
Newport Beach, CA 92660
Telephone: (949) 794-9560
Facsimile:   (949) 794-9517
Email:   matthew@yourlaborlawyers.com

Attorneys for Plaintiff

Eastern District of Kentucky
FILED
JUL 1 9 2007
AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

JOHN W. COLLINS,

    Plaintiff,

vs.

HALLWORKS, LLC, a Kentucky Limited Liability Company; ROGER HALL, an individual; and DOES 1 through 10, inclusive,

    Defendants.

Case No.: 2-07-cv-119-WOB

[FLSA CLASS ACTION UNDER 29 U.S.C. §216(b)]

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

## JURISDICTION

1.   This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343(3) as the controversy arises under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 *et seq.*

## VENUE

2.   Venue is proper in the Eastern District of Kentucky pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts, events, or omissions giving rise to the action occurred in this District.

1

## PARTIES

3. Plaintiff, JOHN W. COLLINS (hereafter "COLLINS"), is a United States citizen and currently a resident of Orange County, in the State of California.

4. Defendant, HALLWORKS, LLC (hereinafter "HALLWORKS"), has its principle place of business in Campbell County Kentucky, and was and is at all times mentioned a Kentucky Limited Liability Company doing business within and by virtue of the laws of the State of Kentucky, and at all times, hereinafter mentioned, was engaged in commerce within Kentucky, and throughout the various states of the United States of America ("USA").

5. Defendant, ROGER HALL (hereinafter "HALL"), is a United States citizen and resident of Campbell County, in the State of Kentucky. At all times relevant to this action, Defendant was the Owner, Vice President, Chief Executive Officer, Operating Manager, Member, Secretary and/or Treasurer of HALLWORKS, and was responsible for making decisions regarding its policies and actions.

6. At all times herein set forth, Defendants were employers within the definition of the FLSA, and Plaintiff was at all times herein set forth an employee of Defendants within the definition of the FLSA.

7. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendants' annual gross volume of sales made or business done is not less than $500,000.

8. Each of the DOES 1 through 10, inclusive, is so named because Plaintiff does not know their true names and/or

capacities at this time. Plaintiff will seek leave of Court to amend this Complaint when the true names and capacities of the defendants designated herein as DOES 1 through 10 have been ascertained.

9. Plaintiff is informed and believes, and on the basis of such information and belief alleges that each defendant was an agent, employee, partner, and/or alter ego of each of the other remaining defendants, and in doing the things herein alleged were acting within the scope and course of such agency and/or employment.

10. Each of the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and Plaintiff's injuries as herein alleged were proximately caused by such defendants.

11. The defendants, and each of them, save and except HALLWORKS, which is sued as an entity, are sued in their individual and official capacities.

12. The acts of Defendants were in accordance with, and represent the official policies of HALLWORKS, or those whose edicts or acts may fairly be said to represent official policies hereinafter set forth.

13. Each defendant herein willfully committed, ordered, directed, supervised, allowed, planned, ratified, concealed, organized or otherwise participated in the unlawful acts complained of herein.

14. Plaintiff herein files this action on behalf of himself and on behalf of all other similarly situated persons currently or formerly employed by Defendants, and who were paid

1 a daily rate without overtime compensation, to recover from
2 Defendants unpaid overtime compensation, liquidated damages,
3 attorney's fees and costs of suit.

## STATEMENT OF FACTS

15. Plaintiff's employment with Defendants was pursuant to an oral employment agreement. Plaintiff was paid a daily wage rate of approximately $125.00 per day, with no agreed upon pay increases, and no specific term of employment.

16. Plaintiff was employed by Defendants from approximately January, 2006 through his lay off in approximately April, 2007. Though Defendants' operations are based in Kentucky, Plaintiff was hired by Defendants in California, and worked in various states throughout the Union during his employment.

17. When Plaintiff was first hired, Defendants' operations were based out of Cold Springs, Kentucky. Those operations then moved to Highland Heights, Kentucky. Plaintiff is informed and believes that after his work for Defendants ended, their operations moved yet again to Alexandria, Kentucky.

18. Plaintiff's basic job duties while employed by Defendants, and the job duties of those similarly situated, consisted of the removal of old furniture and fixtures from hotels around the country, and the unloading and installation of new furniture, fixtures, art, lighting, etc. in those same hotels. These duties required long hours at various locations throughout the United States. The duties performed by Plaintiff were necessary and an integral part of and essential to Defendants' business.

19. Throughout his employment with Defendants, Plaintiff, and those employees similarly situated, were required to work hours constituting both regular "straight time" hours of work and "overtime" hours of work as those terms are defined by the FLSA. Plaintiff was required to work in excess of 40 hours of compensable time each work week, for which no additional compensation was paid by Defendants to Plaintiff. These hours were worked with the knowledge, consent and acquiescence of Plaintiff's supervisors and, in fact, the work was demanded of him. Defendants freely accepted the benefits provided by the work performed by Plaintiff.

20. Defendants did not record and/or indicate: Plaintiff's hours worked; all of Plaintiff's applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate by him; all deductions; and net wages earned on any pay register.

21. After Plaintiff's employment with Defendants ended, he was not paid for his uncompensated overtime and remains uncompensated.

22. Plaintiff is informed and believes, and on the basis of such information and belief alleges that Defendant, HALL was actively involved in the management and policy setting functions of HALLWORKS, exercised control over employee wages, hours, and working conditions; and/or was acting in the employer's interest in dealing with Plaintiff and other similarly situated employees. These means of control included, but were not limited to, establishing and/or ratifying unlawful policies
/ / / /

which precluded Plaintiff from receiving all of his overtime compensation due.

23. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendants were advised by skilled lawyers and other professionals, employees and advisors knowledgeable about Federal wage law and employment and personnel practices, and about the requirements of the FLSA to pay overtime wage rates for hours worked in excess of forty (40) hours in a week; and/or were aware of the requirement to pay overtime for all hours worked in excess of forty (40) per week. Further, Plaintiff is informed and believes and thereon alleges that Defendants knew or should have known that Plaintiff was working these overtime hours because, among other things, Defendants' agents, officers and employees witnessed and/or instructed Plaintiff to work such hours.

24. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendants knew, or should have known, that they had a duty to compensate Plaintiff, and those similarly situated, at overtime rates as required by the FLSA, and that Defendants had the financial ability to pay such overtime compensation, but willfully, knowingly and intentionally failed to do so, all in order to increase Defendants' profits.

/ / / /
/ / / /
/ / / /
/ / / /
/ / / /

## FIRST CAUSE OF ACTION

## FOR WILLFUL VIOLATION OF 29 U.S.C. § 207

### (Against All Defendants)

25. Plaintiff reasserts and realleges paragraphs 1 through 24, inclusive, as if fully set forth and incorporate said paragraphs herein by reference.

26. Defendants, and each of them, have either recklessly or knowingly and intentionally failed to compensate Plaintiff for all of the overtime hours he worked throughout the United States.

27. Although Defendants have been apprized of the law regarding the payment of hours covered by the FLSA, Defendants failed to pay Plaintiff for all of his actual hours worked. Defendants knew or should have known that Plaintiff was working these overtime hours because Plaintiff informed his supervisors that he was working such hours, Plaintiff's supervisors and other employees observed him working such hours, and Plaintiff was required and/or pressured to work such overtime hours.

28. In doing all the things described and alleged herein, Defendants, and each of them, deprived Plaintiff of his rights, privileges and immunities secured to him by federal law which clearly sets forth that Plaintiff was entitled to be paid at the rate of one and one-half times his regular rate of pay for all overtime hours worked. Defendants knew, or should have known, that their reckless and/or willful and intentional failure to pay Plaintiff's overtime violates these rights, privileges and immunities.

/ / / /

29. As a direct and proximate result of Defendants' actions and inactions, Plaintiff, and all those similarly situated, have been damaged, and are entitled to compensatory and/or liquidated damages in an amount according to proof at trial including, but not limited to, a sum equivalent to their unpaid overtime compensation for the three years preceding the filing of this complaint as required by 29 U.S.C. § 216(b), attorney's fees, and costs.

## SECOND CAUSE OF ACTION

## FOR WILLFUL VIOLATION OF 29 U.S.C. § 207

### (Against All Defendants for the Late Payment of Overtime)

30. Plaintiff reasserts and realleges paragraphs 1 though 29, inclusive, as if fully set forth and incorporate said paragraphs herein by reference.

31. The Defendants, and each of them, have either recklessly or knowingly and intentionally failed and refused to compensate Plaintiff for overtime compensation earned in a particular work week by the regular pay day for the period in which the overtime was worked.

32. Defendants, and each of them, have delayed the payment of overtime for a period longer than is reasonably necessary for them to compute and arrange for payments of the amounts due.

33. Although Defendants have been apprized of the law regarding the payment of hours covered by the FLSA, Defendants routinely failed to compensate Plaintiff for his overtime in a timely manner.

34. In doing all the things described and alleged herein, Defendants, and each of them, deprived Plaintiff of his rights,

privileges and immunities secured to him by federal law which clearly sets forth that Plaintiff is entitled to be paid for his overtime hours worked in a work week by the regular pay day for the period in which such overtime was worked. Defendants knew or should have known that their reckless and/or willful and intentional failure and refusal to pay for the overtime worked by Plaintiff in a timely manner violates these rights, privileges and immunities.

35. As a direct and proximate result of Defendants' actions and inactions, Plaintiff, and all those similarly situated, have been damaged, and are entitled to compensatory and/or liquidated damages in an amount according to proof at trial including, but not limited to, a sum equivalent to their overtime compensation which was paid late for the three (3) years preceding the date of the present action as required by 29 U.S.C. § 216(b), attorney's fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on his own behalf, on behalf of all those similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

As to the First Cause of Action

1. All actual, consequential, liquidated and incidental losses and damages, according to proof at trial;

2. Such other damages as may be allowed in accordance with the Federal Rules of Civil Procedure, Rule 54(c), and 29 U.S.C. § 216(b) according to proof at trial;

3. Liquidated damages, attorney's fees, and costs pursuant to 29 U.S.C. § 216(b);

4. Any and all other relief, including equitable relief, as the Court may deem just and proper.

### As to the Second Cause of Action

1. All actual, consequential, liquidated and incidental losses and damages, according to proof at trial;

2. Such other damages as may be allowed in accordance with the Federal Rules of Civil Procedure, Rule 54(c), and 29 U.S.C. § 216(b) according to proof at trial;

3. Liquidated damages, attorney's fees, and costs pursuant to 29 U.S.C. § 216(b);

4. Any and all other relief, including equitable relief, as the Court may deem just and proper.

DATED: July 18, 2007                     DEASON & ARCHBOLD

By: _____
    Matthew F. Archbold
    Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

DATED: July 18, 2007            DEASON & ARCHBOLD

By: _____
Matthew F. Archbold
Attorneys for Plaintiff